**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                  No. CIV 15-0945 RB/KK
                                           CR 11-2282 RB

HAI GAN,

     Defendant.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

     This matter is before the Court, under rule 1 of the Rules Governing Section 2254 Cases and rule 4(b) of the Rules Governing Section 2255 Cases, on Defendant's pro se Petition for Writ of Habeas Corpus (CV Doc. 1; CR Doc. 424) filed on October 21, 2015. For reasons set out below, the Court will dismiss the petition without prejudice.

     On November 14, 2014, this Court entered judgment (CR Doc. 357) on Defendant's conviction under 18 U.S.C. § 1028(a)(2) for fraud relating to identification documents. Defendant filed a notice of appeal by counsel (Doc. 359) and a subsequent pro se notice of appeal from the judgment (Doc. 361). No order terminating the appeal appears of record.

     The petition alleges that Defendant's conviction resulted from "illegal Court's jury instruction," (CV Doc. 1 at 5), and "seeks to vacate, set aside, or correct an illegal sentence," (CV Doc. 1 at 1). Defendant makes no separate claims in support of his request to stay his deportation. Because Petitioner's habeas corpus petition directly attacks his conviction in this criminal proceeding, the Court may not adjudicate his pleading.

     For a federal prisoner, "[t]he exclusive remedy for testing the validity of a

> judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." A § 2255 motion is one "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." "It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion."

*United States v. Le*, 412 F. App'x 148, 149-50 (10th Cir. 2011) (citations omitted); *and see Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) ("[§ 2255] supplants habeas corpus")[1]; *see also Rodriguez-Aguirre v. Garcia*, 457 F. App'x 764, 765 (10th Cir. 2012) (affirming dismissal of § 2241 petition that collaterally challenged the petitioner's sentence). Defendant's pro se characterization of his claims is not dispositive. *See Roman-Nose v. New Mexico Dep't of Human Services*, 967 F.2d 435, 436-37 (10th Cir. 1992).

Defendant's claims of unconstitutional conviction and for release, *see United States v. Nelson,* 465 F.3d 1145, 1148 (10th Cir. 2006), are expressly contemplated by § 2255: relief is available where "the sentence was imposed in violation of the Constitution or laws of the United States." § 2255. "[T]he fact that section 2255 is [not currently] available does not mean that the federal remedies [are] not adequate or effective." *Braun v. Gallegos*, No. 02-1292, 2002 WL 31895074, at **1 (10th Cir. Dec. 31, 2002); *and see Graham v. Wands*, No. 10-1412, 2011 WL 44708, at *1 (10th Cir. Jan 7, 2011) ("Neither our rejection of [a] claim previously nor the inability to bring a related claim renders the remedy afforded by § 2255 ineffective."). Defendant may prosecute his claims only under the provisions of § 2255.

Under certain conditions the Court may recharacterize a defendant's habeas corpus petition as a § 2255 motion. *See Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998), *quoted with*

---

[1] A writ of habeas corpus may be sought if § 2255 is "inadequate or ineffective," *Williams*, 323 F.2d at 673 (10th Cir. 1963), and the writ of error coram nobis remains available to a defendant who is not in custody. *United States v. Hernandez*, 94 F.3d 606, 613 n. 5 (10th Cir. 1996).

2

*approval in United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000).   Here, the Court will not recharacterize the petition, because Defendant's direct appeal remains pending.   "Absent extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending."   *United States v. Cook*, 997 F.2d 1312, 1319 (10th Cir. 1993); *cf. Wright v. Lansing*, No. 99-3335, 2000 WL 219965, at *1 (10th Cir. Feb. 25, 2000) (applying the rule for a § 2241 petition during military appeal); *but cf. United States v. De La Campa Rangel*, 519 F.3d 1258, 1265-66 (10th Cir. 2008) (authorizing § 2255 motion during pending appeal).   Defendant argues that, because his appeal may continue for a number of months, this Court should promptly grant his petition so that he will not be subjected to further false imprisonment.   This conclusory argument could be made by any defendant during direct appeal and does not amount to an extraordinary circumstance.   Defendant is not entitled to relief under § 2255 at this time, *see* § 2255 R. 4(b), and the Court will not recharacterize his habeas corpus petition as a § 2255 motion.   The Court will dismiss the petition without prejudice for lack of jurisdiction.   *See Rodriguez-Aguirre v. Garcia*, 457 F. App'x at 765.

IT IS THEREFORE ORDERED that Defendant's Petition for Writ of Habeas Corpus (CV Doc. 1; CR Doc. 424) filed on October 21, 2015, is DISMISSED without prejudice for lack of jurisdiction; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE